IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TERRY MICHAEL LEE,

    Plaintiff,

vs.                                                            No. 14-2274-SHL-dkv

GENERAL SESSIONS COURT FOR
SHELBY COUNTY, TENNESSEE,
WELLS FARGO BANK, N.A., and
CALIBER LOANS,

    Defendants.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL FOR LACK OF
SUBJECT MATTER JURISDICTION

On April 16, 2014, the plaintiff Terry Lee ("Lee"), proceeding *pro se*, filed a pleading entitled "Combined Emergency Motion for Temporary Restraining Order or Preliminary Injunction, Motion to Stay State Court Judgment, and Motion to Allow Counterclaim" against the following three defendants: General Sessions Court for Shelby County, Tennessee; Wells Fargo Bank, N.A. ("Wells Fargo"); and Caliber Loans. (Compl., ECF No. 1.) The pleading was accompanied by a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which the court granted on April 17, 2014, (ECF No. 4). This case has been referred to the United States Magistrate Judge for management and for all

pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed *sua sponte* for lack of subject matter jurisdiction.

I. PROPOSED FINDINGS OF FACT

This case involves real property located at 6636 Wild Drive, Bartlett, Tennessee 38135.[1] According to the complaint, the defendant, the General Sessions Court for Shelby County, Tennessee, entered a judgment on April 16, 2014, in Cause No. 1671557 "which, in essence, gives title to plaintiff's property located at 6636 Wild Drive, Bartlett, Tennessee 38035 [sic] to defendant Wells Fargo Bank, N.A."[2] (Compl. ¶ 7, ECF No. 1.) Lee alleges that the General Sessions Court failed to consider his counterclaim in which he challenged the standing of Wells Fargo to foreclose on the property. Lee seeks a temporary restraining order or preliminary injunction staying the judgment entered by the General Sessions Court on April 16, 2014 and

---

[1] This is the second lawsuit Lee has filed in federal court concerning foreclosure and possession of the property located at 6636 Wild Drive, Bartlett, Tennessee 38135. The first case, *Wells Fargo Delaware Trust Co., N.A. v. Terry Lee*, Case No. 13-2708-SHM-dkv (W.D. Tenn.) was dismissed on January 2, 2014, for lack of subject matter jurisdiction and remanded to the General Session Court of Shelby County, Tennessee.

[2] Lee later refers to the General Sessions Court proceedings as a Detainer Warrant. (Compl. ¶ 7, ECF No. 1.)

2

allowing him to file his counterclaim.[3] In the Civil Cover Sheet accompanying the complaint, Lee cites 28 U.S.C. §§ 1331 and 1332 as grounds for this court's jurisdiction. (ECF No. 1-1.)

According to the public records of the Shelby County Register, by Successor Trustee's Deed, dated July 17, 2013 and recorded with the Shelby County Register as Instrument No. 13100564, the Successor Trustee, appointed by the owner and holder of a note signed by Lee and his wife, which was secured by the property known as 6636 Wild Drive, Bartlett, Tennessee, conveyed the property to Wells Fargo, which was the highest bidder at a foreclosure sale on May 16, 2013. According to the public records of the General Sessions Court of Shelby County, Wells Fargo filed a forcible entry and detainer action against Lee, Case ID No. 1671557, and on May 14, 2014 a judgment for possession only (not rent) due to foreclosure was entered by consent of the parties, granting Wells Fargo possession of the property.

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), the court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

---
[3] Lee failed to attach a copy of the counterclaim to his pleading.

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This report and recommendation will constitute the court's screening.

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a

4

'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se*

litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Subject-Matter Jurisdiction

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial

authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

  1. *Diversity Jurisdiction*

In the civil cover sheet accompanying the complaint, Lee cites 28 U.S.C. 28 U.S.C § 1332, the diversity jurisdiction statute, as one basis for this court's jurisdiction. (Civil Cover Sheet, ECF No. 1-1.)  Diversity of citizenship means that

the action is between "citizens of different States." 28 U.S.C. § 1332(a). According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)(citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); *see also Johnson v. New York*, 315 F. App'x 394, 395 (3d Cir. 2009)(per curiam); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)(complaint did not properly allege diversity jurisdiction); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009)(complaint and notice of removal did not adequately establish diversity jurisdiction); *Ellis v. Kaye-Kibbey*, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008)(dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1208 (3d ed.

2004). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The complaint does not plead the citizenship of Lee or any of the defendants, but on the Civil Cover Sheet Lee checked the boxes indicating that the "defendant" is a "Citizen of Another State" and "Incorporated and Principal Place Of Business In Another State." (Civil Cover Sheet, ECF No. 1-1.) Ordinarily, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). According to the Tennessee Secretary of State, Wells Fargo Delaware Trust Co., N.A. is not incorporated in Tennessee. For purposes of the diversity analysis the court will assume that Lee is a citizen of Tennessee and Wells Fargo is a citizen of another state. One of the defendants is the General Sessions Court of Shelby County, Tennessee, which is located in Memphis, Tennessee, and is a citizen of the state of Tennessee. Thus, complete diversity does not exist, and the court lacks diversity jurisdiction.

    2.    *Federal-Question Jurisdiction Under 28 U.S.C. § 1331*

It is also necessary to consider whether there might be subject-matter jurisdiction under 28 U.S.C. § 1331, which provides for federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." In this case, no federal question appears on the face of Lee's complaint.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that this case be dismissed *sua sponte* for lack of subject matter jurisdiction.

Respectfully submitted this 28th day of May, 2014.

s/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. F<small>ED</small>. R. C<small>IV</small>. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.